UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALONZO WEEKLY,

    Plaintiff,

v.                                                CAUSE NO. 3:23-CV-118 DRL-MGG

ELKHART SHERIFF DEPT. *et al.*,

    Defendants.

## OPINION AND ORDER

On April 10, 2022, Alonzo Weekly says he was arrested by Elkhart Deputy Sheriff James Bradberry Jr. for drunk driving. Mr. Weekly, proceeding *pro se*, alleges that Deputy Bradberry took him to a hospital where a blood sample was collected that day. The following day, Mr. Weekly says Deputy Bradberry petitioned for a warrant authorizing the collection of the blood sample. Mr. Weekly sues prosecutor Kaitlynn Campoli,[1] arguing that she failed to prevent Deputy Bradberry's petition for a warrant authorizing the blood sample despite evidence in her possession that it had already been collected. Ms. Campoli asks the court to dismiss Mr. Weekly's claims against her under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The court grants this partial motion to dismiss.

## BACKGROUND

The court assumes the operative pleading's facts as true for purposes of this motion. On April 10, 2022, Mr. Weekly was a passenger in his father's car when his father drove to a gas station [ECF 3 at 2]. There, Deputy Bradberry called Mr. Weekly and his father over and told them that he saw them driving 70 m.p.h. [*Id.*]. Deputy Bradberry asked for their identification and told Mr. Weekly to take a sobriety test [*Id.*]. Although Mr. Weekly informed Deputy Bradberry that he wasn't the driver,

---

[1] Mr. Weekly also sues the Elkhart Sheriff Department and Deputy Sheriff James Bradberry Jr. Only Ms. Campoli filed a motion to dismiss Mr. Weekly's claims.

Deputy Bradberry "insisted that [Mr. Weekly] do the test because of [his] driving record" [*Id.*]. Deputy Bradberry had Mr. Weekly do three tests [*Id.*]. Deputy Bradberry informed Mr. Weekly that he passed each test, but "he just [didn't] like the way [Mr. Weekly] talk[ed]" [*Id.*].

Deputy Bradberry placed Mr. Weekly in the back of his police car for two hours [ECF 3 at 2-3]. Deputy Bradberry wrote "out something to give to the hospital to draw [Mr. Weekly's] blood" and drove Mr. Weekly to Elkhart General Hospital [*Id.* at 3]. Mr. Weekly asked multiple times for his blood not to be drawn at the hospital, but Deputy Bradberry "held up a piece of paper that was supposedly a warrant from the judge" permitting the blood sample so a blood sample was collected without Mr. Weekly's consent [*Id.* at 3, 5]. Mr. Weekly was then booked into the county jail without the results from the test on his blood sample [*Id.* at 3].

The following day, Deputy Bradberry petitioned a judge to issue a warrant authorizing a blood sample from Mr. Weekly even though he knew the sample had already been collected [*Id.* at 4]. Ms. Campoli, as prosecutor, had a duty to investigate Deputy Bradberry's affidavit before he petitioned the judge, and, as alleged, she had evidence that the blood sample was collected the previous day [*Id.*].

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the

2

reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

## DISCUSSION

Mr. Weekly sues Ms. Campoli, alleging that she violated his constitutional rights when she didn't investigate Deputy Bradberry's affidavit or prevent his petition for a warrant to collect a blood sample despite having evidence that the blood sample had already been collected.

Since amending his complaint [ECF 3], Mr. Weekly has filed two additional documents: one that he titles an "amendment [attachment] of legal document[s] to support" his amended complaint, which includes a screenshot of a text message and various snippets of online legal articles [ECF 4] and an affidavit of his father, who describes the events of April 10, 2022 [ECF 5]. To the extent that Mr. Weekly intended to add to his amended complaint, the court won't allow him to do so in this way. "Complaints may not be amended in a piecemeal fashion; the proposed amended complaint must be complete and set forth all claims against the defendants in one document." *Brown v. Uhl*, 2022 U.S. Dist. LEXIS 136801, 3 (E.D. Wis. Aug. 2, 2022) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (noting that piecemeal amendments make it difficult "for the defendant to file a responsive pleading and …for the trial court to conduct orderly litigation")). The court disregards these filings and instead considers whether Mr. Weekly's amended complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Considering these materials also would not change today's substantive result.

Ms. Campoli argues that she is immune from Mr. Weekly's claims because all of the actions and omission he complains about were prosecutorial in nature. "Title 42 U.S.C. § 1983 provides that '[e]very person' who acts under color of state law to deprive another of a constitutional right shall be answerable to that person in a suit for damages." *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976). Prosecutors have immunity from liability in suits under § 1983 when their functions are "intimately

3

associated with the *judicial* phase of the criminal process." *Id.* at 430. Absolute immunity is limited to a prosecutor's functions because it "is not grounded in any special 'esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself.'" *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997) (quoting *Malley v. Briggs*, 475 U.S. 335, 342 (1986)). In determining whether absolute immunity applies, the court looks to "the nature of the function performed, not the identity of the actor who performed it." *Forrster v. White*, 484 U.S. 219, 229 (1998).

"[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "But absolute immunity is not restricted to what goes on in the courtroom: '[T]he duties of the prosecutor in [her] role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom.'" *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) (quoting *Imbler*, 424 U.S. at 431 n.33). However, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley*, 509 U.S. at 273.

The extent to which Ms. Campoli is protected by absolute prosecutorial immunity depends on whether her alleged misconduct was done within the scope of her prosecutorial duties. Mr. Weekly alleges that Ms. Campoli failed to investigate Deputy Bradberry's affidavit and prevent him from petitioning for a warrant authorizing Mr. Weekly's blood sample when she possessed evidence that a blood sample had already been collected. Prosecutorial duties protected by absolute immunity include "the professional evaluation of the evidence assembled by the police," *Id.* at 273, and "the preparation and filing of . . . the information and the motion for an arrest warrant," *Kalina*, 522 U.S. at 129. Ms. Campoli's alleged misconduct was performed within the scope of her prosecutorial duties. Therefore,

4

she is immune from any federal cause of action Mr. Weekly brings under Title 42 U.S.C. § 1983. The court need not address Ms. Campoli's other arguments for dismissal.

Though it is usually necessary "to give *pro se* litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotations omitted); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

## CONCLUSION

Accordingly, the court GRANTS Ms. Campoli's motion to dismiss under Fed. Civ. P. 12(b)(6) [ECF 16], terminating her from the case. The case will proceed against the remaining defendants, the Elkhart Sheriff Department and Deputy Sheriff James Bradberry Jr., only.

SO ORDERED.

August 17, 2023                  *s/ Damon R. Leichty*
                                                        Judge, United States District Court