UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALONZO R. WEEKLY,<br><br>Plaintiff,<br><br>v.<br><br>ELKHART COUNTY SHERIFF'S OFFICE; and PTL. JAMES BRADBERRY JR.,<br><br>Defendants. | CASE NO. 3:23-CV-118-MGG |

**OPINION AND ORDER**

Before the Court are two motions filed by Defendants Elkhart County Sheriff's Office and James Bradberry Jr.[1]: (1) Motion to Stay Proceedings [DE 57]; and (2) Motion to Extend Time To Respond To Plaintiff's Interrogatories [DE 59]. For the following reasons, both motions are granted.[2]

**Background**

**A.   The complaint's allegations**

Plaintiff Alonso Weekly filed a pro se complaint on February 13, 2023, alleging that Elkhart County Deputy Sheriff James Bradberry Jr. violated his civil rights during an incident that took place on April 10, 2022. On that day, Bradberry approached Weekly and Weekly's father at a gas station, stating that he had witnessed their car

---

[1] Other individuals and/or entities were named as defendants in the original and amended complaints, but the identified Defendants are the only ones remaining in the case.

[2] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a Magistrate Judge for all purposes. *See* [DE 42].

being driven at 70 mph. [DE 32 at 2]. Weekly told Bradberry he was only a passenger in the car but Bradberry still insisted Weekly take a field sobriety test. [*Id.*]. Bradberry allegedly told Weekly that he passed the test, but also stated that he [Bradberry] did not "like the way [Weekly] talk[ed]," so he "put [Weekly] in the back of his police car for [two] h[ou]rs while he was writing out something to give to the hospital to draw [Weekly's] blood." [*Id.* at 2-3]. Weekly alleges that Bradberry violated the Fourth Amendment because: Weekly did not consent to having his blood drawn; the search warrant for the blood draw was not signed until the day after the incident; and Weekly was "booked into the county jail" before the blood test results came back. [*Id.* at 3, 4].

    **B.**    **Defendants' motions**

Defendants seek a stay of this litigation until state criminal proceedings currently pending against Weekly are resolved. Defendants also request that the court extend their deadline to respond to interrogatories served by Weekly on February 23, 2023 [DE 58].[3] Defendants attach a number of exhibits from the state criminal proceeding to their motion to stay. The court will address Weekly's challenge to three of those documents in the next section. For present purposes, the court identifies the documents and describes what they appear to show.

---

[3] The deadline for Defendants to respond to Weekly's interrogatories has now expired, but Defendants' filed their motion for an extension of time prior to the deadline's expiration. Therefore, they only need to show good cause for the requested extensions. *See* Fed. R. Civ. P. 6(b)(1)(A).

- Exhibit 1 is an Affidavit For Search Warrant, which appears to have been executed by Bradberry on April 10, 2022,[4] seeking to draw blood from Weekly to test for intoxicating substances. [DE 57-9].

- Exhibit 2 is a Search Warrant for a blood sample from Weekly, which is signed by Elkhart Circuit Court Judge Michael A. Christofeno and dated April 10, 2022 at 3:26 a.m. [DE 57-10].

- Exhibit 3 is a Search Warrant Return, which indicates that the blood draw took place on April 10, 2022 at 3:41 a.m. [DE 57-3].

- Exhibit 8 is an order dated April 11, 2022, signed by Magistrate Judge Dean O. Burton of the Elkhart Superior Court, which finds probable cause to believe that Weekly committed certain listed offenses based on affidavits submitted by Bradberry (attached to the order). [DE 57-14 ("Probable Cause Order")]. In the attached affidavits (also submitted as Exhibits 6 and 7), Bradberry lists facts other than the results of the blood test for establishing probable cause, indicating that the blood test results were still pending at that time. *See* [DE 57-14 at 3-5; DE 57-12; DE 57-7]. Because the prosecuting attorney required more time to determine whether charges should be filed, the Probable Cause Order directed that Weekly be released on bond. [DE 57-14 at 1].

- Exhibit 4 is an Information filed by the prosecuting attorney on April 12, 2022, which charges Weekly with operating a vehicle as a habitual traffic violator (a Level 6 Felony) and

---

[4] Although the Affidavit is undated, it references the date and time that Weekly was first detained (April 10, 2022 at 1:51 a.m.) [DE 57-9, ¶ 3], and indicates that it was reviewed and approved by Deputy Prosecuting Attorney Anna Rich on April 10, 2022 [*id.*, p. 3].

3

operating a vehicle while intoxicated (a Class A Misdemeanor). [DE 57-11].

- Exhibit 5 is a Docket Sheet for *State v. Weekly*, No. 20D04-2204-F6-000456, Elkhart Superior Court 4, which indicates that the case was filed on April 13, 2022 and that it was pending (active) at the point in time when the docket was printed. [DE 57-5]. The docket entries indicate generally that Weekly appeared for an initial hearing on April 18, 2022 but then failed to appear at a number of subsequent hearings, which led to a warrant for his arrest on June 8, 2023, which was served on February 5, 2024.[5] The last entry indicates that a hearing was scheduled for March 20, 2024. [*Id.*].

## Discussion

Where, as here, a civil rights lawsuit overlaps with a pending criminal case, the Seventh Circuit has instructed district courts to apply the *Younger* abstention doctrine,[6] pursuant to which "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013); *see also Shaw v. Cnty. of Milwaukee,* No. 21-1410, 2022 WL 1001434, at *2 (7th Cir. Apr. 4, 2022); *Miller-Williams v. Howard*, No. 21-2412, 2022 WL 832508, at *1 (7th Cir. Mar. 21, 2022). For *Younger* abstention to be appropriate, the following four conditions must be met: 1) the state proceedings are judicial in nature

---

[5] The court notes that in the time period between when the arrest warrant was issued and when it was executed, Weekly continued to make filings in this matter with a return address that indicates he was incarcerated in the Miami County jail. His most recent filings use the Elkhart address shown on the docket, and the court therefore assumes that he is not currently incarcerated.

[6] *See Younger v. Harris*, 401 U.S. 37 (1971).

and ongoing; 2) the proceedings implicate important state interests; 3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and 4) no extraordinary circumstances exist which would make abstention inappropriate. *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002). Usually, the proper course when *Younger* abstention applies is to stay the civil lawsuit until the criminal case is resolved. *Gakuba*, 711 F.3d at 753 (holding that dismissal of a case based on *Younger* abstention is improper if the plaintiff seeks monetary relief, which is not available to him in his defense of criminal charges, or if the plaintiff's claims could become time-barred by the time the state prosecution has concluded).

There is no question that the first three elements for *Younger* abstention to apply are met here. The state criminal action is judicial in nature and ongoing. The state criminal action implicates important state interests, namely holding individuals responsible for the crimes with which they have been charged. And the state criminal action will give Weekly an adequate opportunity, through suppression motions or other evidentiary objections, to raise the constitutional issue in the current complaint concerning an allegedly warrantless blood draw.

Weekly's only response to Defendants' motion to stay potentially implicates the fourth factor of extraordinary circumstances that would preclude abstention under *Younger*. Extraordinary circumstances typically involve situations in which the state court proceedings were brought in bad faith or to harass the plaintiff, or where abstention would result in irreparable injury to the plaintiff. *Brunken v. Lance*, 807 F.2d 1325, 1331 (7th Cir. 1986). According to Weekly, Defendants "submitted fraudulent

documents to support the motion." [DE 60 at 2]. Specifically, he challenges three of the exhibits attached to Defendants' motion: Exhibit 1, Affidavit for Search Warrant, Exhibit 2, Search Warrant, and Exhibit 3, Search Warrant Return. *See* [*id.*].

Generally, a court is permitted to take judicial notice of public documents such as the ones Defendants attach to their motion. *See Daniel v. Cook Cnty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts."). But that rule presumes the documents are what they purport to be. Defendants argue that the exhibits have all been submitted in certified form; that is, each exhibit includes a Certificate signed by the Clerk of Elkhart Circuit Court essentially stating that the document is a true copy of what it purports to be. [DE 62]. Because they are certified, the documents are self-authenticating. *See* Fed. R. Evid. 902(2) (a document that bears no seal is self-authenticating if it bears the signature of an officer or employee of any state). "Self-authenticating" means that the documents "require no extrinsic evidence of authenticity in order to be admitted." Fed. R. Evid. 902. Weekly's bare, unsworn assertion that the documents are "fraudulent" is insufficient to raise a credible challenge to the documents' authenticity. Accordingly, the court takes judicial notice that all the exhibits attached to Defendants' motion to stay "exist, that they say what they say, and that they have legal consequences." *Ocasio v. Turner*, 19 F. Supp. 3d 841, 845–46 (N.D. Ind. 2014) (citing *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012)).

Nevertheless, the Seventh Circuit has observed that "[c]ourt records, like any other documents, may contain erroneous information," and judicial notice of findings of

fact contained in public documents would not be appropriate if those facts are subject to reasonable dispute. *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018) (internal quotation marks and citation omitted); *see* Fed. R. Evid. 201 (providing that a fact must not be "subject to reasonable dispute" for a court to judicially notice it). In *Tobey*, the court held that judicial notice of state criminal court records involving the plaintiff's arrest was not appropriate where the plaintiff swore under penalty of perjury that certain facts contained within those records were incorrect or had been falsified. 890 F.3d at 648. Although the court noted the improbability of the plaintiff's version of events, which contradicted certified court records from two different states, it nonetheless concluded that the plaintiff's sworn account of events to which he was a personal witness provided a plausible, good-faith basis to challenge the legitimacy of those documents. *Id.* The court therefore held that it was improper for the district court to have dismissed the complaint based on those documents. *Id.*

Weekly, however, has not presented a plausible basis to challenge the legitimacy of any documents in the state court record. Unlike in *Tobey*, Weekly's assertions in his response brief are not sworn under oath. Moreover, and in any event, his assertion of "fraud" is conclusory without specific facts that support it. Weekly cites to the fact that the Probable Cause Order was entered on April 11, 2022, while the Affidavit for Search Warrant, and Search Warrant are dated April 10, 2022. No inference of fraud can be drawn from comparing the dates on these documents, however. Apparently Weekly is under the impression that the probable cause finding in the Probable Cause Order signed by Elkhart Superior Court Magistrate Judge Burton related to the search of his

7

blood. *See, e.g.,* [DE 44 at 3-4 (referring to a "warrant" signed on April 11, 2022 by Magistrate Judge Burton). In fact, however, Magistrate Judge Burton's Probable Cause Order relates to the criminal charges against Weekly (as opposed to the search of his blood). Probable cause for the search of Weekly's blood was found by the state court judge who issued the Search Warrant--Elkhart Circuit Court Judge Christofeno. The Search Warrant is dated April 10, 2022 at 3:26 a.m. [DE 57-10], and the blood was drawn on April 10, 2022 at 3:41 a.m. [DE 57-3]. In short, the state court documents indicate Weekly's blood was not drawn until *after* a search warrant was issued for that purpose, and the probable cause finding regarding whether to charge Weekly with criminal offenses occurred one day later, on April 11, 2022. It is not clear from the state court record attached to Defendants' motion when the results of the blood test were returned, but that uncertainty does not suggest that the Affidavit for Search Warrant, Search Warrant, or Search Warrant Return are "fraudulent."

Weekly also claims Defendants have somehow perpetrated a "fraud" because "Cause No. 20C01-2204-MC-001178 does not exist." [DE 60 at 2]. The cited case number, however, refers to the proceeding initiated in Elkhart Circuit Court by Officer Bradberry in order to obtain a search warrant. A separate proceeding, Cause No. 20D01-2204-MC-1203 in Elkhart Superior Courts 1 and 2, was then initiated to obtain the Probable Cause Order to charge Weekly with a crime. Following those proceedings, the state initiated criminal charges against Weekly by filing the Information in *State v. Weekly*, No. 20D04-2204-F6-000456, Elkhart Superior Court 4, which is the criminal proceeding now pending against Weekly.

Weekly does not challenge the fact that a criminal proceeding against him (Cause No. 20D04-2204-F6-000456) is currently pending in state court. Nor does he challenge the authenticity or accuracy of any of the exhibits submitted by Defendants with their motion other than those related to the search warrant. Regarding the challenged search warrant documents, his assertions of "fraud" are conclusory and unsupported by the facts shown on the face of those documents. Finally, and most important, any Fourth Amendment claim Weekly seeks to raise based on his assertions of "fraud" can be litigated in the state criminal proceeding. Accordingly, there is no credible basis for finding abstention inappropriate based on bad faith, harassment, or irreparable injury. The court therefore finds abstention is the proper result here. *See, e.g., Porter v. Fort Wayne Police Dept.*, No. 1:23-cv-477-PPS-JEM, 2024 WL 245016 (N.D. Ind. Jan. 23, 2024); *Gault v. Galligan*, No. 3:22-cv-879-DRL-MGG, 2023 WL 3947618 (N.D. Ind. June 12, 2023); *Swisher v. Cass Cnty. Sheriff's Dept.*, No. 3:22-cv-380-JD, 2023 WL 5970881 (N.D. Ind. Sept. 14, 2024). Furthermore, given the court's findings regarding a stay, there is good cause to extend the deadline for Defendants to respond to Weekly's interrogatories.

For the foregoing reasons, the Court:

(1) **GRANTS** Defendants' Motion to Stay Proceedings **[DE 57]** and Defendants' Motion To Extend Time To Respond To Plaintiff's Interrogatories **[DE 59]**;

(2) **EXTENDS** the deadline for Defendants to respond to Plaintiff's interrogatories **[DE 58]** to twenty-eight (28) days after the stay in this matter is lifted;

(3) **STAYS** this case pending resolution *State v. Weekly*, Elkhart County, Indiana, Superior Court 4, Cause No. 20D04-2204-F6-000456;

(4) **DIRECTS** the parties to file a report every six months advising the Court as to the current status of the criminal case;

(5) **ORDERS** the parties to file a motion to lift the stay within 30 days after Plaintiff's criminal case is fully litigated through every level of the state system; and

(6) **DIRECTS** the Clerk to **STATISTICALLY CLOSE** this case.

SO ORDERED on April 12, 2024

s/ Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge